McBreen & Kopko
Kenneth A. Reynolds, Esq.
Attorneys for Debtor and
Debtor-in-Possession
500 North Broadway, Suite 129
Jericho, New York 11753
Tel.: (516) 364-1095
Fax: (516) 364-0612
11-3540090

Hearing Date: September 23, 2010
Hearing Time: 10:00 a.m.
Last Day to Object: September 21, 2010

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

In re:                                                                                  Chapter 11

        CBGB HOLDINGS, LLC,                                Case No. 10-13130 (SMB)

                        Debtor.

-----------------------------------------------------------------------X

**NOTICE OF MOTION FOR ORDER UNDER 11 U.S.C. §§ 105 AND 363
AUTHORIZING THE DEBTOR TO ENTER INTO A CERTAIN
<u>TRADEMARK AGREEMENT</u>**

**PLEASE TAKE NOTICE**, that CBGB Holdings, LLC, the debtor and debtor-in-possession (the "Debtor") in the above captioned chapter 11 case, by and through its attorneys, McBreen & Kopko shall move before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, Southern District of New York, at the Courthouse located at One Bowling Green, New York, New York, on September 23, 2010, at 10:00 a.m. or as soon thereafter as counsel may be heard, for an order pursuant to 11 U.S.C. §§ 105 and 363 authorizing the Debtor to enter into a trademark licensing agreement with Activision.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the Motion must conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, as modified by any administrative orders entered in this case, and be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, Microsoft Word DOS text (ASCII) or a scanned image of the filing, with a hard copy delivered directly to Chambers, and shall be served upon (i) counsel to the Debtor, McBreen & Kopko, 500 North Broadway, Suite 129, Jericho, New York 11753; and (ii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, to the attention of Paul K. Schwartzberg, Esq., so as to be received by no later than 4:00 p.m. on September 21, 2010.

**PLEASE TAKE FURTHER NOTICE**, that only those objections that have been timely filed may be considered by the Court.

Dated: Jericho, New York
      September 1, 2010

                              McBREEN & KOPKO
                              Attorneys for Debtor and
                              Debtor-in-Possession


By:   */s/ Kenneth A. Reynolds*
        Kenneth A. Reynolds, Esq.
        500 North Broadway, Suite 129
        Jericho, New York 11753
        (516) 364-1095

McBreen & Kopko
Kenneth A. Reynolds, Esq.
Attorneys for Debtor and
Debtor in Possession
500 North Broadway, Suite 129
Jericho, New York 11753
Telephone: (516) 364-1095
Facsimile: (516) 364-0612
11-3540090

Hearing Date: September 23, 2010
Hearing Time: 10:00 a.m.
Last Day to Object: September 21, 2010

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X

In re:                                                         Chapter 11

        CBGB HOLDINGS, LLC,                       Case No. 10-13130 (SMB)

                            Debtor.

----------------------------------------------------------------------X

**MOTION FOR ORDER UNDER 11 U.S.C. §§ 105 AND 363 AUTHORIZING**
**THE DEBTOR TO ENTER INTO A TRADEMARK AGREEMENT IN THE**
**ORDINARY COURSE OF BUSINESS**

CBGB Holdings, LLC, the debtor and debtor-in-possession (the "Debtor") moves this Court (thed "Motion") for the entry of order, substantially in the form annexed hereto as Exhibit "A", pursuant to §§ 105, 363 of 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), (i) authorizing the Debtor to enter into a certain trademark agreement dated as of September 2, 2009 (annexed hereto as Exhibit "B") which upon information and belief is within the Debtor's ordinary course of business.

**A.    The Chapter 11 Filing**

      1.    On June 11, 2010 (the "Filing Date"), the Debtor filed a voluntary petition (the "Petition"), for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York.

2. The first meeting of Creditors took place on July 20, 2010.

3. The Debtor intends to continue in possession of its properties and its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. An Official Committee of Unsecured Creditors has not been appointed in this case.

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. The statutory predicates for relief requested herein are Bankruptcy Code §§ 105 and 363.

**B.  Background**

7. The Debtor acquired the CBGB trademark and related assets in or about May, 2008 from the Estate of Hillel Kristal. The CBGB club, which was founded by Hillel "Hilly" Kristal and located at 315 Bowery, New York City was widely known in the music industry as the "underground home of punk"

8. The club was closed by Hilly Kristal in October, 2006 amid great fanfare. However the reality is that by the turn of the century the club's best days were long gone. The 2005-2006 resurgence came about because of the closing – the reality was most people that came out in that period hadn't been to the club in ages.

9. The Debtor commenced negotiations with Hilly Kristal (who was in ill health) to take over the club's wholesale and internet business.  In June, 2007 a Letter of Intent ("LOI") was signed by the parties whereby the Debtor agreed to acquire, and Hilly Kristal agreed to transfer, the business and franchise of the CBGB business to the Debtor for a purchase price of $3.5 Million.

10. The CBGB business included the physical property removed from the CBGB club as well as, audio and video recordings, posters, papers, and other memorabilia that were created during the years the CBGB club had been opened.

11. In December 2007, Hilly's son, Dana and his Mother, Karen Kristal (Hilly's ex-wife), filed a lawsuit contesting Hilly Kristal's will. The suit claimed that Hilly's daughter Lisa, (co-executor of the estate along with Brett Green, who was attorney for CBGB until Hilly's death and who was also co-executor of the estate) had no right to sell the business and that Hilly's ex-wife, Karen Kristal, was the rightful owner.

12. The legal claims raised by Dana and Karen Kristal ("Karen Claim") placed a cloud on title to the assets of the business. The adverse effects of the lawsuit on the Debtor's efforts to move forward with the acquisition were exacerbated by estate's refusal to recognize that this lawsuit would hamper the Debtor's ability to raise money and conduct business.

13. The lawsuit and the public pronouncements by Dana Kristal, relating to title and the authority of the Kristal Estate to negotiate the sale of the CBGB business severely hampered all attempts on the part of the Debtor to obtain financing and working credit to meet its obligations under the APA and related security agreements.

**C.    The Transaction**

14. The proposed trademark agreement with Activision, specifically relating to its Guitar Hero VI product launch would serve to significantly enhance the exposure of the CBGB trademark to audiences across the globe.

15. The series has sold over 25 million units worldwide and generated over $2 Billion in revenue. CBGB is in Guitar Hero VI, to be released September 28, 2010. We are

an integral part of the game and Activision wants to prominently include CBGB in their worldwide launch plans, as well as in subsequent product extensions which can generate royalties for the Debtor; however, without Court approval of the agreement due to the pending motions to dismiss and to vacate the stay, Activision will downplay the role of the club in the game and eliminate the Debtor's trademark from their marketing plans.

16. The royalty stream is not dramatic, but the exposure to the 12-25 demographic is vital to the re-launch of the brand to a new generation of fans. The approval of this contract will show Activision that they can confidently incorporate the Debtor's trademark into their launch.

17. Failure to obtain approval of the Activision agreement would represent the third major marketing mishap since acquiring the brand – the first two revolved around the probate estate litigation – the Rock and Roll Hall of Fame Annex Launch (Dec '08) and the Premier of the CBGB film by Mandy Stein at the Tribeca Film Festival (April '09).

18. The agreement has been negotiated and signed off on by the Debtor and Activation and is subject to only bankruptcy Court approval.

19. The Debtor through its counsel has presented the proposed Activision agreement to Hillel Kristal Estate's counsel seeking their consent for entering into the Activision agreement as it would benefit the Estate and the value of the trademark.

20. To date, the Debtor has not received a response to the request for consent from the Hillel Kristal Estate.

## RELIEF REQUESTED

21. Bankruptcy Courts routinely defer to a debtor's business judgment on most business decisions. See *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1311

4

(5th Cir. 1985) ("More exacting scrutiny would slow the administration of the debtor's estate and increase its costs, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially").

22. The Debtor is exercising its sound and prudent business judgment in deciding to enter into the Activision trademark agreement. The Activision trademark agreement would clearly constitute a significant step for the Debtor in reviving the mark's notoriety as well as enhancing the value of the CBGB trademark worldwide.

23. The Debtor submits that the terms of the Activision trademark agreement are fair, reasonable, and in the best interests of the Debtor's estate, creditors, and other parties-in-interest.

24. Notice of this Motion has been provided to: (i) the Chambers of the Honorable Stuart M. Bernstein ("Chambers"), (ii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (iii) counsel to the Estate of Hillel Kristal; (iv) the creditors scheduled by the Debtor as holding the 20 largest claims against the estate, and (v) any party that filed a notice of appearance in Debtor's case (collectively, the "Standard Parties").

25. No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court authorize the Debtor to enter into the Activision trademark agreement and grant the Debtor such other and further relief as may be just and appropriate under the circumstances.

Dated: Jericho, New York
September 1, 2010

        McBREEN & KOPKO
        Attorneys for Debtor and Debtor-in-Possession

By: */s/ Kenneth A. Reynolds*
      Kenneth A. Reynolds, Esq.
      A Member of the Firm
      500 North Broadway, Suite 129
      Jericho, New York 11753
      (516) 364-1095